IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE SIMONSON,<br>      Plaintiff, | : | No. 3:06cv2084 |
| | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| HEMLOCK FARMS COMMUNITY<br>ASSOCIATION, INC.,<br>MICHAEL SIBIO (COMMUNITY<br>MANAGER), and<br>WILLIAM HAMBY (CHIEF OF<br>UNIT),<br>      Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**ORDER**

Before the court is defendants' motion to dismiss the complaint pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure (Doc. 5). The matter has been fully briefed and is ripe for decision.

**Background**

On October 23, 2006, plaintiff, filing *pro se*, instituted the present action in this court. In his complaint, plaintiff alleged that defendants violated his Civil Rights pursuant to 42 U.S.C. § 1983, and committed fraud, attempted fraud and extortion against him. The complaint apparently arose from a long-running dispute about the enforcement of traffic regulations at the Hemlock Farms Community Association (hereinafter "Hemlock Farms" or "the Association"), a private residential and

recreational facility located in Lords Valley, Pennsylvania. Plaintiff had previously filed suit on similar grounds in the United States District Court for the Eastern District of Pennsylvania, and he claims that case settled and was dismissed.[1] After the resolution of that case, plaintiff complains, defendants mailed him two speeding tickets and demanded that he pay a fine. These requests "ingnor[ed] the constitutional rights of the Plaintiff," and "ignor[ed] the results of the previous case." (Complaint (hereinafter "Complt.") Doc. 1 at 1). Plaintiff apparently asserts that by issuing these tickets and demanding money of him even though he was not a member of the association, Hemlock Farms violated his civil rights. After plaintiff refused to pay the fines demanded of him, Hemlock Farms filed suit against him in the Court of Common Pleas of Pike County, Pennsylvania, alleging that plaintiff regularly violated the speed limits established on community property and had "repeatedly refused to cooperate with the Association's security force and instead has resorted to cursing at and evading same." (Hemlock Farms Community Association, Inc. v. Simonson, No. 629 Equity 2006 (Pike County Ct. of Comm. Pleas, April 24, 2006) (attached as exhibit 3(a) to Complt.) at ¶ 23). Plaintiff

---

[1] The record reveals, however, that plaintiff is mistaken regarding the earlier case. The court on October 30, 2006 issued a show-cause order (Doc. 2), requesting that plaintiff explain why this court, and not the United States District Court for the Eastern District of Pennsylvania, should have jurisdiction. Plaintiff attached a copy of a ruling by Judge Mary A. McLaughlin which dismissed his case against the plaintiff without prejudice because venue lay in the Middle District of Pennsylvania, not the Eastern District of Pennsylvania. (See Order in Simonson v. Hemlock Farms Community Association, Inc., No. 05cv2913 (E.D. Pa. Aug. 7, 2006), attached as an exhibit to plaintiff's response to this court's show cause order (Doc. 8)). That document is not evidence of settlement, but rather evidence that a court without jurisdiction declined to hear an improperly venued case.

contends that this lawsuit contained allegations that Hemlock Farms knew to be false. Plaintiff also alleges that defendants altered a notation he had added to a personal check he used to pay his speeding fine. Plaintiff claims this action violated federal law.

Plaintiff sought an order from this court assigning the case for arbitration and requested punitive damages totaling $150 million. He also sought removal of his name from any database controlled by defendants that contained reference to the tickets he received from the Hemlock Farms and a refund of the fines he paid for these allegedly illegal tickets.

On November 3, 2006, defendants filed a motion to dismiss plaintiff's complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (Doc. 5), arguing that plaintiff had failed to allege facts which would make the Association liable for violating his civil rights and that the decision in the state court case filed by Hemlock Farms precluded this court from exercising jurisdiction over this action. Plaintiff responded with a document titled "Motion to Dismiss Defendants' Motion to Dismiss" (Doc. 9), which we will construe as a brief in opposition. The matter is thus ripe for disposition.

**Standard of Review**

When a 12(b)(6) motion is filed, the sufficiency of a complaint's allegations are tested. The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court

must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

Read in the light most favorable to the *pro se* plaintiff, the instant complaint is before this court pursuant to 42 U.S.C. § 1983. We will therefore evaluate plaintiff's claims under the standards established for that statute. To establish a claim under section 1983, two criteria must be met. First, the conduct complained of must have been committed by a person acting under of color of state law. Second, the conduct must deprive the complainant of rights secured under the Constitution or federal law. Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 590 (3d Cir. 1998). Section 1983 does not, by its own terms, create substantive rights. Rather, it provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws. United States v. Kneipp, 95 F.3d 1199, 1204 (3d Cir. 1996).

**Discussion**

**A.  A Person Acting Under the Color of State Law**

The defendants here are private individuals and a private corporation, not the governmental body or officer who traditionally has faced liability in section 1983 actions. Courts have found that a private party can be liable as a state actor under § 1983, but only under certain conditions. To be liable, "the conduct allegedly causing

4

the deprivation of a federal right [must] be fairly attributable to the State." Lugar v. Edmonson Oil Co., 457 U.S. 922, 937 (1982).  A two-part test makes this determination for private actors: "First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." Id. "Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor."  Id.  A party can be a state actor if that person is a "state official," an individual who "has acted together with or has obtained significant aid from state officials," or someone whose "conduct is otherwise chargeable to the State."  Id.; see also Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1265 (3d Cir. 1994) (quoting this test).  The Third Circuit has defined the test for determining whether a private individual acts under color of state law as "whether the state, through its agents or laws, has established a formal procedure or working relationship that drapes private actors with the power of the state." Cruz v. Donnelly, 727 F.2d 79, 82 (3d Cir. 1984); Robb v. Philadelphia, 733 F.2d 286, 292 (3d Cir. 1984).  We shall address each defendant separately to determine whether they acted under color of state law.

**I.  Defendant William Hamby**

Plaintiff admits that one of the defendants, William Hamby, who serves as Chief of the Hemlock Farms Community Safety Unit, "is not a police office [sic] under the statutes of the State or Federal Government.  He is nothing more than a citizen

5

and has no authority over anyone, especially a non-resident." (Complt. at ¶ 5). Since in deciding a motion under Rule 12(b)(6) we take all facts alleged in the complaint as true, we accept plaintiff's assertion that Defendant Hamby is a private citizen, and not a police officer or otherwise employed by state or local government. Plaintiff also admits that Defendant Hamby did not act in any way to enforce state law, but instead operated as a private citizen. Plaintiff thus does not allege that Hamby's actions were "draped" with the "power of the state." Cruz, 727 F.2d at 82. As such, plaintiff cannot bring suit against Defendant Hamby under § 1983, since Hamby was not acting under color of state law when he ordered plaintiff to pay his speeding tickets. We will accordingly dismiss the complaint against Defendant Hamby for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

## II. Defendant Michael Sibio

Defendant Sibio likewise did not act under color of state law. The only allegations against Defendant Sibio in the complaint, read generously, are that Sibio lied under oath in filing a civil complaint in Pennsylvania State Court. Nothing about this allegation indicates that Sibio acted to carry out state policy or acted in conjunction with state officials in helping to prepare a court action against Simonson. Lugar, 457 U.S. at 937. Filing a private action in state court does not make one a state actor. Since the complaint cannot be read to aver that Defendant Sibio acted under color of state law, we will dismiss the case against him for failure to state a

claim upon which relief can be granted.

### III.  Defendant Hemlock Farms Community Association

Likewise, the complaint does not allege that defendant Hemlock Farms Community Association, a private corporation, acted under color of state law.  First, we note that bringing a private action in state court, which defendant did here, is not an exercise of the authority of the state and implicates no section 1983 liability.  Hemlock Farms's enforcement of Association-set speed limits on its property also implicates no such liability.   Hemlock Farms did not enforce a state-mandated speed limit or act to expose plaintiff to state penalties for violating Pennsylvania motor vehicle laws.  Plaintiff, in fact, denies that Hemlock Farms had the power to enforce Pennsylvania law or acted as an agent of the State on its property.  Under the standards articulated by the United States Supreme Court, Hemlock Farms therefore did not act under color of state law.  See Edmonson v. Leesville Concrete Co., 500 U.S. 614, 621-22 (1991) (finding that whether a private entity acts under the color of state law is determined by "the extent to which the actor relies on governmental assistance and benefits [citations omitted], whether the actor is performing a traditional governmental function [citations omitted] and whether the injury caused is aggravated in a unique way by the incidents of governmental authority."); see also Baltes v. Arrowhead Lake Community Ass'n., Inc., No. 04-cv-2372, 2006 WL 1343686 (M.D. Pa. May 15, 2006) (finding that a police force in private community did not act under color of state law when it chased an individual

7

who was speeding and fired weapons at him).[2] We therefore find that plaintiff's complaint does not allege that any defendant acted under color of state law and will dismiss the complaint on those grounds.

**B.  Deprivation of Rights Under the Constitution or Federal Law**

While plaintiff's failure to allege that any defendant acted under color of state law provides adequate grounds to dismiss his complaint, in the interest of completeness we will address the question of whether plaintiff's complaint sufficiently alleges a deprivation of his rights under the Constitution or Federal law. "'By its terms, of course, [section 1983] creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere.'" Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995) (quoting City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985)).  Accordingly, a section 1983 complaint must describe "the conduct, time, place, and persons responsible" for plaintiff's injury.  Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005); see also Boykins v. Ambridge Area School Dist., 621 F.2d 75 (3d Cir.) (finding that a complaint which alleged "conduct, expulsion from the drill team, the improper racial motive, the times and places of the activity complained of, and the persons responsible" was sufficient to state a section 1983 claim.).

---

[2] Though enforcing speed limits is admittedly a traditional governmental function, nothing that Hemlock Farms did here exposed plaintiff to state or municipal liability.  Thus, defendant cannot be said to have acted "draped with the authority of the state." See Cruz, 727 F.2d at 82.

Plaintiff clearly fails to allege a sufficient violation of his constitutional rights to sustain an action under 42 U.S.C. § 1983.  In its most cogent statement related to constitutional rights, the complaint simply avers that defendant violated plaintiff's rights.  This allegation lacks a statement of the particular right violated and the times and places where the violation occurred.  Evancho, 423 F.3d at 353.  Even reading the rest of the complaint liberally, as we do for *pro se* filings, we fail to see how the conduct alleged by the plaintiff–fining the defendant for speeding through private property, committing fraud in filing an action in state court, and failing to obey the order of a district court–could be considered conduct that violates any of the rights guaranteed plaintiff by the United States Constitution.  Likewise, plaintiff's specific allegation, that defendants violated his constitutional rights by sending him speeding tickets in the mail, does not allege a violation of any right protected by the constitution that we can discern.  At worst, plaintiff received unwanted mail that demanded payment for a debt he did not feel he owed.  No constitutional right guarantees freedom from unwanted mail.

Plaintiff likewise does not allege any violation of a right protected by federal law.  Plaintiff apparently contends that defendant Sibio violated federal law by cashing a check the plaintiff used to pay his speeding ticket after crossing out plaintiff's written statement that "By cashing this check HFCA [Hemlock Farms Community Association] assumes all liability for occurrence."  He fails, however, to point to any specific federal law, nor does he explain how that law provides him with

9

a specific, individual right. The complaint thus fails to meet the requirement that plaintiff allege that defendants violated a specific right. See Evancho, 423 F.3d at 353. We suspect that better recourse for Sibio's failure to accept his conditions for cashing the check than a § 1983 suit would have been to stop payment on that check and initiate a state court action to have the debt voided.

Plaintiff apparently also asks the attorney general to undertake a Rackteer Influenced and Corrupt Organization (RICO) prosecution against the Association. See 18 U.S.C. §§ 1962 *et. cet.* Such action by the Attorney General would not vindicate any of plaintiff's rights under federal law.[3] Plaintiff does not possess a right under federal law to have a court order the Justice Department to bring a criminal prosecution against anyone, and we therefore find that plaintiff has not alleged any violation of rights guaranteed him under federal law. Accordingly, we will dismiss the

---

[3] Plaintiff would have to bring a separate civil action to gain relief. Private parties may bring civil actions under RICO, but plaintiff does not allege any activities by defendant that would allow him to bring such an action. See 18 U.S.C. § 1964(c) (establishing that "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefore in any appropriate Unite States district court."). Merely claiming fraud by an individual employee of the association in filing a court case, as plaintiff does here, does not constitute an allegation of a criminal conspiracy sufficient to give rise to a RICO cause of action. See, e.g. Klapper v. Commonwealth Realty Trust, 657 F. Supp. 948, 953 (D. Del. 1987) (finding that "the following are the essential elements of any civil RICO action: (1) the existence of a RICO 'enterprise'; (2) the existence of a 'pattern of racketeering activity; (3) a nexus between the defendant, the pattern of racketeering activity or the RICO 'enterprise'; and (4) resulting injury to plaintiff, in his 'business or property.'"); Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999) (dismissing a complaint filed under 18 U.S.C. § 1964 because "[t]he complaint's conclusory, vague, and general allegations of a criminal conspiracy do not therefore suffice to establish that the defendants participated in a 'pattern of racketeering activity' as prohibited by RICO, 18 U.S.C. § 1962."). Plaintiff accordingly does not state a claim upon which relief can be granted.

complaint pursuant to FED. R. CIV. P. 12(b)(6).[4]  An appropriate order follows.[5]

---

[4]As we find sufficient reason to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted, we decline to address defendant's contention that plaintiff's suit is barred by the Rooker-Feldman doctrine because a state court has already settled the major question which plaintiff's suit raises–whether Hemlock Farms had authority to regulate plaintiff's driving on community property–and a federal lawsuit should not be used to disrupt that finding.  See Whiteford v. Reed, 155 F3d 671, 673 (3d Cir. 1998) (holding that "Rooker-Feldman precludes a federal action if the relief requested in the federal action would effectively reverse the state decision or void its ruling.").

[5]We decline to allow plaintiff leave to amend the complaint because such amendment would be futile.  See Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000) (finding that "the District Court should not have dismissed the plaintiffs' claims without either granting leave to amend or concluding that any amendment would be futile.").  Since no state actors were involved in this case, plaintiff could not make out a section 1983 claim upon which relief could be granted.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEORGE SIMONSON,** | : | No. 3:06cv2084 |
| Plaintiff, | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **HEMLOCK FARMS COMMUNITY** | : | |
| **ASSOCIATION, INC.,** | : | |
| **MICHAEL SIBIO (COMMUNITY** | : | |
| **MANAGER), and** | : | |
| **WILLIAM HAMBY (CHIEF OF** | : | |
| **UNIT),** | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW,** to wit, this 16th day of January 2007, the defendants' motion to dismiss plaintiff's complaint (Doc. 5) is hereby **GRANTED**.  Plaintiff's motion to dismiss defendant's motion to dismiss, which we have construed as his brief in opposition to defendant's motion to dismiss, is **DENIED** (Doc. 9).  The Clerk of Court is directed to close this case.

                                                                                   **BY THE COURT:**

                                                                                  **s/ James M. Munley**
                                                                                  **JUDGE JAMES M. MUNLEY**
                                                                                  **United States District Court**